**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELT ISRAEL CLAUDETT MUNOZ<br><br>Plaintiff,<br><br>v.<br><br>YVETTE TAY-TAYLOR, et al.<br><br>Defendants. | Civil Action No.12-3764 (PGS)<br><br><br>**MEMORANDUM & ORDER** |

Before the Court is petitioner's, Michelt Israel Claudett Munoz, petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 by way of an Order To Show Cause. The petitioner is presently in the custody of the Department of Homeland Security ("DHS") and subject to mandatory detention at the Monmouth County Correctional Institution in Freehold, New Jersey. The petitioner is challenging his pre-removal period mandatory detention pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1226(c). The Court has reviewed the parties written submissions, heard oral arguments, and for the reasons set forth below holds that the petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a)(2).

I.  Background

Petitioner, Michelt Israel Claudett Munoz ("Munoz"), is a native and citizen of Peru. Munoz immigrated to the United States in 1997 as a lawful permanent resident. Petition, Ex. A. Since 1997, Munoz has resided in the New York state area. *Id.* at ¶ 1.

Although Munoz has been convicted for other criminal offenses, only those relevant to his mandatory detention will be recited. *See* Flanagan Decl., Ex. E. On October 23, 2008, Munoz pled guilty to criminal possession of a controlled substance in the 7th degree in violation of New York Penal Law Section 220.03. *Id.* Munoz was sentenced to one year probation through October 22, 2009 for that misdemeanor. *Id.* On May 24, 2012, Munoz was arrested and detained by Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(c) because of his status as a criminal alien under 8 U.S.C. § 1227(a)(2)(A)(ii). *Id.* at Ex. H. Munoz was also issued a hearing notice dated July 9, 2012 for a an August 6, 2012 removal proceeding hearing.

## II.  Relevant Statutes

8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal period when the decision as to whether the alien will be removed from the United States is pending. The statute provides,

> (a) Arrest, detention, and release
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General--
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise

> would (without regard to removal proceedings) be provided such authorization.
>
> (b) Revocation of bond or parole
>
> The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

Munoz is subject to mandatory detention pending the outcome of the removal proceeding pursuant to 8 U.S.C. § 1226 (c)(1)(B), within the category of "Detention of criminal aliens," which provides in relevant part that

> The Attorney General shall take into custody any alien who . . . (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), ( C ), or (D) of this title, . . . **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense. (emphasis added).

§ 1226 ( c )(2) governs release of criminal aliens under limited circumstances.

## III.   Discussion

### A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the petition

under § 2241 because petitioner was detained within its jurisdiction in the custody of DHS at the time he filed his petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Petitioner also asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c), and violates his due process rights. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

  B. <u>Statutory Authority for Petitioner's Detention</u>

Petitioner argues that he should not be subject to mandatory detention under Section 1226(c) based on a 2008 misdemeanor drug conviction because DHS did not immediately place him into custody when he was released in October 2009 from criminal incarceration for that offense. Petitioner argues that district courts have interpreted "when . . . released" under Section 1226(c) to mean that DHS is required to immediately detain an alien upon release from criminal incarceration. The respondent, the government, argues that the language "when . . . released" is ambiguous based on district court splits on this issue. Because of this ambiguity, the government argues that the *Chevron* analysis should be applied, and this Court should defer to the Board of Immigration Appeals' ("BIA") interpretation of this language as decided in the *Matter of Rojas*. *Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984); *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001). Specifically, in the *Matter of Rojas*, the BIA held that ICE has mandatory detention authority over an alien that has been released from criminal custody for an enumerated offense, and the detention does not need to be immediate based on the objective and design of the statute as a whole. *Matter of Rojas*, 23 I. & N. Dec. 117 at 122. The government also relies on the Fourth Circuit's decision in *Hosh* where the court held that the BIA's interpretation of "when . . . released" is permissible and plausible and should be given deference.

4

*Hosh v. Lucero*, 680 F.3d 375, 378 (4th Cir. 2012). Accordingly, the government argues that the petitioner is subject to mandatory detention based on an enumerated offense in Section 1226 (c) even though he was released from incarceration for that offense 2 ½ years ago.

The proper statutory authority governing petitioner's detention depends on interpretation of "when . . . released" under Section 1226(c). District courts in this Circuit have held that the statutory language, "when . . . released," is not ambiguous and the plain meaning of this language is that "when" means "immediately" after release from incarceration, and does not apply to aliens who have been released for many years for those offenses enumerated in the statute. *Parfait v. Holder*, No. 11-4877, 2011 WL 4829391 at *9 (D.N.J. Oct. 11, 2011); *see also Christie v. El-Wood*, No. 11-7070, 2012 WL 266454 (D.N.J. Jan. 30, 2012); *Beckford v. Aviles*, No. 10-2035, 2011 WL 3515933 (D.N.J. Aug. 9, 2011); *Sylvain v. Holder*, No. 11-3006, 2011 WL 2580506 (D.N.J. June 28, 2011); *but see Diaz v. Muller*, No. 11-4029, 2011 WL 3422856 (D.N.J. Aug. 4, 2011) (finding the statutory language ambiguous, and following BIA's interpretation of the statute). To reach this conclusion, those courts rely on step one of the *Chevron* analysis, where "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. Thus, district courts have held that it was Congress' intent for "when . . . released" to mean immediate whereas "any time after" would be contrary to Congress' intent as Congress could have expressly required custody "at any time after" or "regardless of when the alien is released." *See, e.g., Parfait*, 2011 WL 4829391 at *5 (quoting *Alwaday v. Beebe*, 43 F. Supp. 2d 1130, 1133 (D.Or. 1999). Thus, the district courts in this Circuit have primarily declined to defer

to the BIA's interpretation that "when" essentially means "any time after" and does not require immediacy. *Id.*

*Chevron's* step one analysis can be applied to the present matter where the petitioner is being detained by DHS 2 ½ years after his release from incarceration for an enumerated offense under Section 1227(a)(2)(B)(I). The Court finds that "when . . . released" means "immediately" and not "any time after" release as determined by the BIA's interpretation. *Matter of Rojas*, 23 I. & N. Dec. 117 at 127. This Court is also not persuaded by the Fourth Circuit's decision in *Hosh* to defer to the BIA's interpretation of "when . . . released" as it is not binding authority on this Court. The court in *Hosh* acknowledged that

> numerous district courts previously considering § 1226 (c) have reached different conclusions. Some district courts have agreed with the holding we reach herein, finding ambiguity in the statute and giving deference to the BIA's prior interpretation of § 1226 (c) in Rojas. Other district courts, however, including several courts within the Fourth Circuit, have held that the plain meaning of § 1226 (c) requires a decision in the detainee's favor. *Hosh*, 680 F.3d at 379 (internal citations omitted).

Until the Third Circuit has decided on this issue, this Court will rely on the plain meaning of § 1226 (c) as other district courts within this district have ruled. Therefore, the petitioner should be subject to detention under Section 1226(a) and is entitled to an individualized bond hearing under Section 1226(a)(2).

IV. Conclusion

For the reasons set forth above, the Court grants a Writ of Habeas Corpus, and directs an Immigration Judge to provide petitioner with an individualized bond hearing, within seven days, pursuant to 8 U.S.C. § 1226(a)(2).

6

**ORDER**

**IT IS** on this 3rd day of August, 2012:

**ORDERED** that the a Writ of Habeas Corpus under 28 U.S.C. § 2241 is GRANTED; and it is further

**ORDERED** that an Immigration Judge must provide petitioner, Michelt Israel Claudett Munoz, with an individualized bond hearing, within seven days, pursuant to 8 U.S.C. § 1226(a)(2).

PETER G. SHERIDAN, U.S.D.J.

7